IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
AT KANSAS CITY

| | |
|---|---|
| FRED L. MAYFIELD,<br>4619 SW Olympia Dr.<br>Lee's Summit, MO 64082<br><br>Plaintiff,<br><br>vs.<br><br>WEBSTER UNIVERSITY<br>Registered Agent: Dr. Elizabeth Stroble<br>470 E. Lockwood Ave.<br>St. Louis, MO 63119<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) Civil Action No. _____<br>) Jury Trial Demanded |

## COMPLAINT

Plaintiff FRED L. MAYFIELD, by counsel, states the following for his Complaint of Age Discrimination under the Age Discrimination in Employment Act of 1967, 29 USC §621, *et. seq.*

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this controversy pursuant to 29 U.S.C. 626(c)(1). Venue is proper in this Court because the unlawful employment practices alleged in the complaint were committed within Kansas City, Jackson County, Missouri, which lies within the boundaries within the Western District of Missouri. In addition, the defendant has minimum contacts with the Western District of Missouri and the State of Missouri.

## PARTIES

2. Plaintiff FRED MAYFIELD is a resident of Jackson County, Missouri, with an address listed above. At all times relevant Plaintiff was employed as an adjunct professor for

Defendant Webster University.

2. Defendant WEBSTER UNIVERTIY is a domestic non-profit corporation engaged in providing higher education, and is incorporated in Missouri. Defendant Webster University can be served by serving registered agent, Dr. Elizabeth J. Stroble, at 470 E. Lockwood Ave., St. Louis, MO 63119. Defendant Webster University is an employer within the meaning of Section 701(b) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et. seq. ("Title VII").

## FACTS

3. Plaintiff, continuously since 1978, has been employed by Defendant as an adjunct professor in the psychology department, teaching graduate level psychology and counseling classes.

4. In addition to the above, Plaintiff also maintained a private practice as a licensed clinical professional counselor and licensed clinical marriage and family counsel, and is licensed by the Kansas Board of Healing Arts.

5. Since 1978 Plaintiff has taught classes at Defendant's Kansas City campus, located at 1200 E. 104th St., Kansas City, MO 64131.

6. On or about July of 2013 the Defendant's Kansas City campus came under the direction of Dr. Cass Butler. Dr. Butler has been Director of the Kansas City campus since July 2013.

7. Almost immediately after Dr. Butler arrived at the Defendant's Kansas City campus, Defendant began to discriminate against Plaintiff and other similarly situated employees of Defendant.

8. As an example, in April of 2014, after the first faculty meeting, Dr. Butler

remarked to the majority of her office staff that the "faculty looked like an AARP convention".

9. Defendant and its employee Dr. Butler made it clear to Plaintiff and other professors that Defendant wanted to attract a new student demographic, to increase enrollment and revenue.

10. In order to increase enrollment and attract new students, Defendant began to terminate its relationships with older professors, and replaced the older professors with younger, less-experienced professors.

11. In May of 2014 Plaintiff was informed by Dr. Butler that he would no longer be employed by Webster University as a professor.

12. In addition to Plaintiff, at least two other professors of advanced age, and one staff member were terminated and replaced by younger, less-experienced individuals.

13. On November 13, 2014 Plaintiff filed his charge of discrimination with the EEOC, case No. 563-2015-00139.

14. On December 6, 2014, Plaintiff received his right to sue from the EEOC.

15. Thus, plaintiff exhausted administrative requirements and timely filed this suit.

## COUNT I – AGE DISCRMINATION

16. Plaintiff incorporates by reference all previous paragraphs.

17. Plaintiff's date of birth is November 28, 1941, making him 73 years old.

18. Plaintiff was 72 years of age at the time he was terminated by Defendant on May 7, 2014.

19. Plaintiff was terminated by Defendant because of his age.

20. Defendant's actions, detailed above, violate § 623(a)(1) of the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621, *et. seq.*, in that Plaintiff was terminated because of

his age.

21. Defendant demonstrated a pattern and course of conduct of discriminating against employees of advanced age.

22. As result of Defendant's actions, Plaintiff suffered harm and injury, including lost income (front and back pay), humiliation, emotional distress, and pain and suffering.

23. Plaintiff prays for all damages available under the law.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff prays for judgment against defendant WEBSTER UNIVERSITY, on Count I as follows: Plaintiff prays for all economic and non-economic damages allowed by law, including lost income (past and future), emotional distress, humiliation, pain and suffering, punitive damages, for all reasonable attorneys fees, for costs and expenses expended, and for other and further relief the court deems just and proper;

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b) and (c), plaintiff requests a trial by jury on all counts of his Complaint.

**Respectfully Submitted,**

**KELLY, SYMONDS & REED, LLC**

CASEY J. SYMONDS     MO#  59409
114 SW 3rd St.
Lee's Summit, MO 64063
(816) 347-1818 – Office
(816) 347-1854 – Fax
casey@mokanlegal.com
**Attorney for Plaintiffs**

## AFFIDAVIT OF PLAINTIFFS

STATE OF MISSOURI )
)SS.
COUNTY OF JACKSON )

I, FRED MAYFIELD, of lawful age, being duly sworn on my oath, states that I am the Plaintiff herein, and that the facts stated in the Petition for Damages are true and correct according to the best of my knowledge and belief.

_____
FRED MAYFIELD

Subscribed and sworn to before me this 19th day of February, 2015

_____
Notary Public

My Commission expires: 6-5-18