UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| FRED L. MAYFIELD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:15-CV-00145-HFS |
| | ) Judge Howard F. Sachs |
| WEBSTER UNIVERSITY, | ) |
| | ) |
| Defendant. | ) |

## ANSWER

COMES NOW Defendant Webster University ("Defendant"), by and through counsel, and in response to Plaintiff's Complaint, states as follows:

### JURSIDICTION AND VENUE

1. The allegations contained in paragraph 1 of the Complaint contain legal conclusions not requiring a response. To the extent a response is deemed required, Defendant admits that jurisdiction and venue are proper in this Court.

### PARTIES

2. Defendant admits that Plaintiff was employed as an adjunct professor for Defendant. Defendant is without sufficient information or knowledge to admit or deny the remaining allegations contained in paragraph 2 of the Complaint and, therefore, denies the same.

2. [sic] Defendant Webster University admits the allegations contained in the second paragraph 2 of the Complaint.

### FACTS

3. Defendant admits Plaintiff has worked as an adjunct faculty member or adjunct professor. Defendant denies the remaining allegations in paragraph 3.

4. Defendant is without sufficient information or knowledge to admit or deny the allegations contained in paragraph 4 of the Complaint and, therefore, denies the same.

5. Defendant admits Plaintiff has worked as an adjunct faculty member or adjunct professor at Webster's various Kansas City campuses. Defendant denies the remaining allegations in paragraph 5.

6. Defendant denies the allegations contained in paragraph 6 of the Complaint.

7. Defendant denies the allegations contained in paragraph 7 of the Complaint.

8. Defendant denies the allegations contained in paragraph 8 of the Complaint.

9. Defendant denies the allegations contained in paragraph 9 of the Complaint.

10. Defendant denies the allegations contained in paragraph 10 of the Complaint.

11. Defendant admits that on or about May 2014, Plaintiff was informed by Dr. Butler that he would no longer be employed by Webster University as an adjunct professor. Defendant denies the remaining allegations contained in paragraph 11 of the Complaint.

12. Defendant denies the allegations contained in paragraph 12 of the Complaint.

13. Defendant admits the allegations contained in paragraph 13 of the Complaint.

14. Defendant admits the allegations contained in paragraph 14 of the Complaint.

15. The allegations contained in paragraph 15 of the Complaint contain legal conclusions not requiring a response. To the extent a response is deemed required, Defendant denies these allegations.

## COUNT I – AGE DISCRIMINATION

16. Defendant incorporates herein by reference its respective responses to each and every allegation contained in paragraphs 1 through 15 of the Complaint as if fully set forth herein.

17. Defendant admits the allegations contained in paragraph 17 of the Complaint.

18. Defendant admits that Plaintiff was 72 years of age at the time Webster informed him that he would not be appointed to teach any further classes as an adjunct professor. Webster denies the remaining allegations contained in paragraph 18 of the Complaint.

19. Defendant denies the allegations contained in paragraph 19 of the Complaint.

20. Defendant Webster University denies the allegations contained in paragraph 20 of the Complaint.

21. Defendant denies the allegations contained in paragraph 21 of the Complaint.

22. Defendant denies the allegations contained in paragraph 22 of the Complaint.

23. Defendant denies that Plaintiff is entitled to any damages whatsoever. Defendant further prays that Plaintiff take nothing by way of his Complaint, for its costs and fees expended and incurred herein, and for such other and further relief as the Court deems just and proper.

## AFFIRMATIVE AND OTHER DEFENSES

1. Defendant specifically denies each and every allegation in Plaintiff's Complaint not specifically admitted herein.

2. Plaintiff's Complaint fails in whole or in part to state a claim upon which relief may be granted.

3. Plaintiff's prayer for relief fails to the extent that Plaintiff has not mitigated his damages as required by law, and to the extent Plaintiff has mitigated his damages, Defendant is entitled to offset those amounts.

4. Plaintiff's claims are barred in whole or in part by the doctrines of waiver, estoppel, laches, and/or unclean hands.

5. Plaintiff's claims are barred in whole or in part by his failure to exhaust his administrative remedies.

6. Plaintiff's claims for compensatory and punitive damages and other relief are subject to all applicable caps and limitations.

7. All alleged actions, events, injuries and/or damages complained of by Plaintiff, the existence of which are denied by Defendant were, if they occurred, wholly or in part the result of Plaintiff's own fault.

8. Plaintiff's claims for punitive damages are barred by and violate the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution because the procedures for assessing punitive damages, facially and as applied to the facts of this case, violate constitutional due process requirements.

9. To the extent that Plaintiff is seeking punitive damages, those claims are barred because Defendant did not engage in discriminatory or retaliatory conduct with malice or reckless indifference toward Plaintiff, and Defendant exercised reasonable care and made good faith efforts to prevent discrimination and retaliatory conduct in accordance with all applicable laws.

10. Plaintiff's claims are barred insofar as they exceed the scope of allegations made before any administrative agencies.

11. Plaintiffs' claims are barred insofar as they seek damages not recoverable under the applicable statutes.

12. Plaintiff's claim is frivolous and without foundation in law or fact, and Defendant is entitled to its costs and attorneys' fees in defending this action.

13. Defendant avers that even if Plaintiff could prove that he was discriminated or retaliated against, which Defendant denies, the same decisions would have been made due to legitimate, non-discriminatory reasons.

14. Defendant asserts the after-acquired evidence doctrine.

15. Defendant acted in good faith and had reasonable grounds for believing that it acted properly and in accordance with Federal law, thus Defendant had no reason to believe that its conduct was in violation of Federal law.

16. Plaintiff's claims fail because he cannot establish damages and his damage claims are speculative.

17. Plaintiff's claims for relief are barred by the applicable statutes of limitations.

18. Defendant asserts the defenses of acquiescence and/or ratification.

19. Plaintiff has suffered no adverse employment action that is in any way related to any alleged discrimination.

20. Plaintiff's claims are barred because all decisions regarding Plaintiff's employment have been based on legitimate, lawful, and non-discriminatory business reasons.

21. Defendant hereby gives notice that it intends to rely upon such other defenses as may become available or ascertained during the course of discovery and further investigation in this case, and hereby reserve the right to amend this answer to assert any such defenses.

WHEREFORE, having fully answered Plaintiff's Complaint, Defendant Webster University prays for judgment in its favor and for its costs and reasonable attorneys' fees and whatever further relief the Court deems just and proper.

ARMSTRONG TEASDALE LLP

By: */s/ Bradley M. Bakker*
Jovita M. Foster, #52455
Bradley M. Bakker, #59841
7700 Forsyth Blvd., Suite 1800
St. Louis, Missouri 63105
Telephone: 314.621.5070
Fax: 314.621.5065
jfoster@armstrongteasdale.com
bbakker@armstrongteasdale.com

and

Krystle M. Dunn, #64139
2345 Grand Boulevard, Suite 1500
Kansas City, Missouri 64108-2617
Telephone: 816.221.3420
Fax: 816.221.0786
kdunn@armstrongteasdale.com

ATTORNEYS FOR DEFENDANT
WEBSTER UNIVERSITY

## CERTIFICATE OF SERVICE

I hereby certify that on April 21, 2015, the foregoing was filed electronically with the Court, with notice of the filing generated and sent electronically by the Court's CM/ECF system to:

Casey J. Symonds
Kelly, Symonds & Reed, LLC
114 SW 3rd St.
Lee's Summit, MO 64063
casey@mokanlegal.com

ATTORNEYS FOR PLAINTIFF

*/s/ Bradley M. Bakker*