UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| FRED L. MAYFIELD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 4:15-00145-CV-W-HFS |
| ) | |
| WEBSTER UNIVERSITY, ) | |
| ) | |
| Defendant. ) | |
| ) | |

# AGREED PROTECTIVE ORDER

Upon consideration of the Defendant's Motion requesting entry of an Agreed Protective Order, the Court has found that certain confidential information may be produced during the course of discovery in this case, and there is good cause pursuant to Federal Rule of Civil Procedure 26(c) to restrict the dissemination of confidential information as set forth below.

IT IS THEREFORE ORDERED, ADJUDGED and DECREED:

1. That documents and things considered by a party or a nonparty from whom discovery is sought to contain either: (a) documents reflecting confidential information of non-parties, such as personnel records; (b) financial information that is business confidential; (c) technological trade secret information; (d) business confidential sales and customer information; (e) non-public, proprietary, or confidential corporate and strategic planning information; (f) personal income or tax information; or (g) any other personal or business information that is of a highly sensitive or confidential nature may be marked "CONFIDENTIAL" and shall generally be referred to as "Confidential Information."

2. No party or nonparty shall designate material as "CONFIDENTIAL" unless counsel for the producing party or nonparty believes in good faith that the designated material is entitled to protection under Federal Rule of Civil Procedure 26(c).

3. With respect to all documents and things produced by a producing party, whether a party to this action or a nonparty, for inspection and copying and which are designated as "CONFIDENTIAL" by the producing party, the documents and things, and the information contained therein, shall be kept confidential, and shall not be communicated in any manner, either directly or indirectly, to any person or entity other than:

(a) The outside counsel of record in this action and their respective associates, clerks, legal assistants, stenographic and support personnel, and other employees of such outside counsel (collectively referred to as "outside counsel");

(b) Those employees and agents of the receiving party having a need to know without written permission from the producing party or further order of this Court;

(c) Independent experts and consultants, and the employees of such experts and consultants who are assisting them, retained or consulted by counsel of record for any party for the purpose of assisting counsel in the litigation;

(d) Third party entities, and the employees of said third party entities, retained by the outside counsel to provide support services in this action;

(e) The person who is the author or addressee of such document or thing, people copied thereof, or the designated representative of any corporation or other entity with whom such person or people are employed or otherwise affiliated; and

(f) Such other persons as hereafter may be designated by written agreement of all parties in this action or by Order of the Court, such Order obtained on noticed motion (or

on shortened time as the Court may allow), permitting such disclosure. Nothing in this Order shall limit the receiving party's right to disclose Confidential Information during any deposition of any employee or agent of the producing party.

Furthermore, the documents and things, and the information contained therein, shall be received and used only for purposes directly related to this action and not for any other purpose.

4. <u>Compliance with 20 U.S.C. § 1232g</u> – Under the Family Educational Rights and Privacy Act ("FERPA"), Defendant is prohibited from releasing or disclosing information that contains, includes, constitutes, refers, or relates to any private student educational records. *See* 20 U.S.C. § 1232g. This includes any documents or things that contain, include, constitute, refer, or relate to any student transcripts or grade reports or any personally identifiable student information such as student Social Security numbers, student identification numbers, and individuals student gender, race, ethnicity, or nationality information ("FERPA Material"). If Plaintiffs seek through discovery any otherwise discoverable information that also contains non-discoverable FERPA Material, Defendants shall redact all non-discoverable FERPA Material and shall identify such redactions as "REDACTED – FERPA."

5. Defendant will make efforts to secure FERPA authorizations from those current and former students who have or have previously provided information that is material and relevant to this lawsuit. Where such current and/or former students have provided FERPA authorizations for disclosure of information in this lawsuit, the parties will identify all documents containing FERPA Material about such students as "CONFIDENTIAL." For those students who do not provide a FERPA authorization, Plaintiff must seek the requested discovery via the procedures outlined by 34 C.F.R. § 99.31(a)(9).

6. In the event that the disclosure of documents or information subject to this protective order is likely to be disclosed during the course of a deposition, then counsel for the party from whom such information is likely to be sought may designate certain types of confidential information at the outset of the deposition, or during the course of the deposition, where appropriate. When making such a designation, counsel for the party from whom such information is being sought shall direct the court reporter to bind such confidential portions of the transcript in a separate binder or on separate transcript pages prominently marked with the legend "CONFIDENTIAL" as appropriate.

7. In the event that any party wishes to file pleadings, motions or other papers with the Court that contain or disclose documents or materials that are designated as "CONFIDENTIAL," whether the actual confidential document is filed or information from such is simply referenced, counsel for the party filing such document shall move for leave to file the document under seal pursuant to this Protective Order. While any such motion for leave to file under seal is pending, counsel for the party seeking to file such document under seal will provide a service copy to the other party, and the parties agree to waive any objections regarding the timeliness of any document that a party seeks to file under seal pursuant to this paragraph.

8. Information identified or designated as "CONFIDENTIAL" in accordance with this Protective Order may be disclosed in testimony at the trial of this action or offered in evidence at the trial of this action, subject to the Federal Rules of Evidence and subject to such further Order as this Court may enter.

9. Acceptance by a party of any information, document or thing designated as "CONFIDENTIAL" hereunder shall not constitute a concession that the information, document

4

or thing is "confidential information" or a "trade secret" as those terms are defined by controlling legal authority.

10. Those documents, deposition transcripts or other information designated as "CONFIDENTIAL" and all copies thereof, shall be retained at the offices of counsel for the receiving party, and at the termination of this action, unless otherwise ordered by the Court, either shall be returned to the producing party or shall be destroyed within 30 days of the termination of this action.

11. If the receiving party disagrees with the producing party's designation of any document as "CONFIDENTIAL" the receiving party shall request in writing the producing party to re-designate such document, such request setting forth the specific documents at issue and the reasons the receiving party believes such document should be re-designated. If the producing party does not re-designate the document within five (5) business days after receipt of the request to re-designate, the receiving party may then make a motion with the Court for the Court to order the re-designation of such documents. The producing party has the burden of demonstrating that the document is entitled to "CONFIDENTIAL" status.

12. If through inadvertence, error or oversight, a party fails to properly designate a document, tangible thing or information as "CONFIDENTIAL" at the time of production or disclosure, that party shall promptly notify the receiving party of such error or oversight as soon as such error or oversight is discovered and shall specify in that notice the particular document(s), tangible thing(s) or information to be reclassified and shall specify the particular designation to be applied. Thereafter, the receiving party shall treat such document(s), tangible thing(s) or information in the same manner as if it had been properly designated or classified originally. The receiving party shall have ten (10) business days from the receipt of such notice of reclassification

5

to object to such reclassification in writing. Upon such an objection being timely made, this Court shall determine whether or not such material can properly be reclassified. The producing party has the burden of demonstrating that the document is entitled to "CONFIDENTIAL" status. Until such a ruling is made by this Court, the receiving party shall treat such document(s), tangible thing(s) or information in the same manner as if it had been originally designated or classified as "CONFIDENTIAL" in accordance with the procedure set forth above.

13. By making information and documents designated as "CONFIDENTIAL" available for use in this action, neither Plaintiff nor Defendant have waived or compromised the confidentiality, protectability, or privilege of the information or documents.

14. In the event that a party seeks discovery from a non-party to this action, the non-party may invoke the terms of this Order with respect to any information provided to the parties by so advising the parties to this action in writing. Any such non-party shall have standing to appear in this action in order to file motions and oppose motions, as necessary, to protect such non-party's rights in its information.

15. Nothing in this Order shall:

(a) Limit a receiving party's use of documents and information obtained other than through discovery in this action;

(b) Limit the right of the producing party to disclose documents designated as "CONFIDENTIAL" produced by the producing party, such disclosure not being subject to the protective procedures set forth in this Order;

(c) Limit, expand or restrict any right of any party to resist or compel discovery with respect to materials that the party may claim to be privileged or otherwise not discoverable in

this action, or the right of any party to seek additional protection pursuant to the Federal Rules of Civil Procedure; or

(d) Limit or restrict the right of any party to attach to or incorporate the content of any Confidential Information in any paper filed with the Court or to show a deponent at a deposition a document that has been designated "CONFIDENTIAL" pursuant to the provisions of this Order, subject to the provisions and protections afforded by this Order.

16. This proposed Order shall be in effect upon execution by counsel for Plaintiff and counsel for Defendant. Plaintiff and Defendant agree to be bound by the terms of this proposed Order pending its adoption or supplementation by the Court.

IT IS SO ORDERED.

/s/ Howard F. Sachs
The Honorable Howard F. Sachs
UNITED STATES DISTRICT JUDGE

September 11, 2015

Kansas City, MO